(111 So. 229)

**BEASLEY et al. v. YARBROUGH et al.**
(6 Div. 834.)

(Supreme Court of Alabama. Jan. 20, 1927.)

Adverse possession &=114(3) — Testimony of grantor's wife that deed was to sister of grantees in deed held insufficient to overthrow title based on possession thereunder.

Testimony of grantor's wife that deed was made to sister of grantees named in deed *held* insufficient to overthrow title based on possession under deed, where testimony was taken 40 years afterward, and original deed, which was acknowledged, showed no sign of having been changed.

Appeal from Circuit Court, Lamar County; R. L. Blanton, Judge.

Bill in equity by Sylvania Beasley and others against Annie Yarbrough and others. From a decree denying relief, complainants appeal. Reversed and remanded.

Wilson Kelley, of Vernon, for appellants.

The verity of an acknowledgment will be impeached only upon clear and convincing proof. 1 C. J. 896; Freeman v. Blount, 172 Ala. 655, 55 So. 293; Weeks v. Weeks, 211 Ala. 117, 99 So. 844. Counsel discuss other questions, but without citing additional authorities.

C. C. Nesmith, of Miami, Fla., R. G. Redden, J. C. Milner, and O. E. Young, all of Vernon, for appellees.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. The bill in this case is filed for a sale of certain land for a division between the heirs of Ollie Elizabeth and M. (Mary) Sims and the pivotal question in the case is whether the land was originally owned by said Ollie Elizabeth and M. Sims or their younger sister, Sarah F. Sims, under whom the respondents claim title.

The complainants' evidence unquestionably established color of title in Ollie Elizabeth and M. Sims and possession of the land in them until their death, which was more than 10 years after the date of the deed in 1878. True, Sarah F. Sims, a younger sister, lived with them in the old home and moved on the land after their death, but which had been previously rented out and controlled by Ollie Elizabeth Sims as long as she lived.

On the other hand, the respondents claim that Ollie Elizabeth and M. Sims never had a deed to the land, but the deed from A. Sims and his wife, Susan Sims, was made to Sarah F. Sims, and that her possession under said deed ripened into title, and she had a right to convey it to the Yarbroughs.

The deed to Ollie Elizabeth Sims and M. Sims has been produced, was duly acknowledged, and was recorded in 1903, while no deed has been produced to Sarah F. Sims, and it stands to reason if she had such a document she would not have lost or destroyed it and it would have been found among her effects by the Yarbroughs, who were vitally interested in same. We think the respondents' effort to establish a deed to Sarah F. Sims was abortive, as one of the witnesses merely stated that a deed was made to her, but she displayed little or no knowledge of the contents, and, in fact, made a lame attempt to establish same. The wife of the grantor, A. Sims, does testify in the case and claims that she and her husband made the deed to Sarah F. Sims, and not Ollie Elizabeth and Mary Sims; but the original deed is before us, and names Ollie Elizabeth and M. Sims as grantees, and does not bear the slightest sign or appearance of having been changed, and also bears the solemn acknowledgment of an officer, and we do not think it should be destroyed by the bare denial of the grantor's wife more than 40 years after the execution of same and when she is contradicted by physical facts.

We think that the trial court erred in holding that the complainants were not entitled to relief under the case made out, and the decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

---

&=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes